IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:19-cr-00065 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| JEFFREY LEWIS MUSGROVE ) | United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Jeffrey Lewis Musgrove's motion for early termination of supervised release. (Dkt. No. 2.) The government filed a response indicating that it does not oppose Musgrove's motion. (Dkt. No. 5.) Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Musgrove's motion, which will be granted.

I.  BACKGROUND

Musgrove was convicted in the Eastern District of Virginia on one count of conspiracy to distribute marijuana and one count of using and carrying firearms and ammunition during and in relation to a drug trafficking crime. He was sentenced to 87 months on count one and 60 months on count two, consecutive, and a four-year term of supervised release. Musgrove's sentence was later reduced to 130 months.

He was released from custody in May 2019, and his supervision was transferred to the Western District of Virginia on July 11, 2019. He is over halfway through his four-year supervised release term.

On October 29, 2019, Musgrove was selected to be placed on the United States Probation Office's Administrative Caseload based on a review of his case and his positive adjustment to supervision. The Administrative Caseload provides minimal monitoring to offenders who are lower risk and requires written monthly supervision reports, financial updates, and credit/criminal record checks. (Dkt. No. 2-1.)

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.  As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met.  *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010).  In addition, the inquiry is broader than the individual's conduct.  *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999).  "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals."  *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination.  *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

Musgrove argues that the criminal conduct he pled guilty to is "something of [his] past." (Dkt. No. 2 at 5.)  In response, the government highlights Musgrove's successful completion of two years of supervision and placement on the Administrative Caseload.  The court acknowledges that the nature and circumstances of the offense, drug trafficking involving the use of a firearm, is very serious.  However, given that Musgrove has been considered low risk by probation, and has successfully completed supervision under minimal monitoring, the court concludes that further

supervision is not necessary to protect the public from further crimes by Musgrove. Also, specific and general deterrence purposes have already been served by Musgrove's lengthy prison sentence and over two years of supervision. Therefore, the court finds that the interests of justice favor the termination of supervised release.

### III.  CONCLUSION

For the foregoing reasons, Musgrove's motion for early termination of supervised release will be granted. The court will issue an appropriate order.

Entered: November 30, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge